DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-237-GCM
(3:99-cr-109-GCM-3)

| | |
|---|---|
| JOSE JULIO MORBAN-LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court following Petitioner's failure to respond to the Court's prior order requiring Petitioner to explain why his 28 U.S.C. § 2255 motion to vacate is not time-barred and, if it is time-barred, why equitable tolling should apply.[1] See (Doc. No. 2). For the following reasons, the Court dismisses the § 2255 petition as time-barred.

**I.    BACKGROUND**

On October 13, 1999, pro se Petitioner Jose Julio Morban-Lopez pled guilty in this Court, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846, and possession of a firearm during and in relation to a drug-trafficking crime and aiding and abetting the same, in violation of 18 U.S.C. § 924(c)(1), 18 U.S.C. § 2. (Criminal Case Nos. 3:99-cr-109-GCM-3, Doc. No. 37: Plea Agreement; Doc. No. 120: Judgment). On February 19, 2002, this Court sentenced Petitioner to 27 months on the drug count, and to a consecutive, 60-month sentence on

---

[1] Petitioner has styled his filing as a "Retroactive Motion under 18 U.S.C. § 2255 Based on Dean v. United States."

1

the firearm count, for a total of 87 months of imprisonment. (Id.). Judgment was entered on March 6, 2002, and Petitioner did not appeal. (Id.). Petitioner did not report to serve his sentence, and he became a fugitive until March 24, 2016, when he was arrested in the Dominican Republic. (Id., Doc. No. 379). On June 3, 2016, this Court granted a motion to reduce sentence under sentencing guidelines Amendment 782, reducing Petitioner's sentence to 74 months of imprisonment. (Id., Doc. No. 382).

Petitioner placed the Section 2255 motion to vacate in the prison system for mailing on April 24, 2017, and it was stamp-filed in this Court on May 2, 2017. In the motion to vacate, seeks a reduction in his sentence pursuant to the Supreme Court's decision in Dean v. United States, issued on April 3, 2017, in which the Supreme Court held that "[n]othing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." 137 S. Ct. 1170, 1176-77. To support his claim under Dean, Petitioner contends that "I was sentenced . . . to a drug and also given a consecutive sentence under 18 U.S.C. 924(c) which was a mandatory 5 year minimum. The question before the court is if in calculating a sentence for the predicate offense the judge ignored the fact that the defendant will serve the mandatory minimum imposed by 924(c)." (Doc. No. 1 at 1).

**II.     STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without a response from the Government and without an

evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted, Petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846, and possession of a firearm during and in relation to a drug-trafficking crime and aiding and abetting the same, in violation of 18 U.S.C. § 924(c)(1), 18 U.S.C. § 2. (Criminal Case Nos. 3:99-cr-109-GCM-3, Doc. No. 37: Plea Agreement; Doc. No. 120: Judgment). Judgment was entered on March 6, 2002, and Petitioner did not appeal. (Id.). Petitioner's conviction, therefore, became final ten days later, when his time to file a notice of appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does

not appeal, his conviction becomes final when the opportunity to appeal expires); FED. R. APP. P. 4(b)(1)(A). Petitioner then had one year in which to file a timely petition. Petitioner did not place the Section 2255 motion to vacate, however, in the prison system for mailing until April 24, 2017. Because Petitioner filed his motion to vacate more than one year after his conviction became final, his motion to vacate is untimely under § 2255(f)(1), and none of the other time periods set forth under § 2255(f) render the petition timely.[2] Finally, Petitioner has asserted no grounds for this Court to apply equitable tolling, and the Court finds nothing in the record that would justify the application of equitable tolling. In sum, the petition will be dismissed as time-barred.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion to vacate is dismissed as time-barred.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is dismissed with prejudice as time-barred.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of

---

[2] To the extent that Petitioner attempts to argue that Dean announced a new rule of constitutional law that applies retroactively on collateral review, this Court does not agree. Thus, the Supreme Court's ruling in Dean does not render the motion to vacate timely under Section 2255(f)(3).

4

the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 21, 2017

Graham C. Mullen
United States District Judge