DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-237-GCM
(3:99-cr-109-GCM-3)

| | |
|---|---|
| JOSE JULIO MORBAN-LOPEZ, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's "Motion to Investigate Court Ordered Response and Answer on Timeliness of the Defendant re Order," (Doc. No. 5), which this Court construes as a motion for reconsideration of the Court's prior Order dismissing as time-barred Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. In his motion, Petitioner states that his petition was timely under both 28 U.S.C. §§ 2255(f)(3) and 2255(f)(4), because it was filed within one year of the Supreme Court's ruling in Dean v. United States, 137 S. Ct. 1170, 1176-77 (2017).

Petitioner's Motion for Reconsideration is **DENIED**. As the Court found in its prior Order dismissing the petition as untimely, to the extent that Petitioner attempts to argue that Dean announced a new rule of constitutional law that applies retroactively on collateral review, this Court does not agree. Thus, the Supreme Court's ruling in Dean does not render the motion to vacate timely under Section 2255(f)(3). Nor does the ruling in Dean constitute a new "fact" within the meaning of Section 2255(f)(4). See Walton v. United States, No. 2:07-CR017-1F, 2013 WL 1309277, at *3 (E.D.N.C. Mar. 28, 2013) (stating that a legal decision that does not

affect the validity of the petitioner's own underlying convictions is not a "new fact" for purposes of triggering the (f)(4) one-year period) (collecting cases).

Finally, to the extent that Petitioner complains in his motion for reconsideration that he never received this Court's notice giving him the opportunity to address the timeliness of his petition, the Court has now considered his timeliness arguments and finds them to be without merit.

Signed: December 28, 2017

Graham C. Mullen
United States District Judge